**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL STOCH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) |
| OFFICERS D. SANCHEZ, #18112, JAMES | ) |
| FRANCIS, #19345, CHIEF JOSE TIRADO, | ) |
| #243, DETECTIVE SEAN INSLEY, #21369, | ) |
| and JOHN DOES, | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | )     Jury Demand |

## COMPLAINT

1.    In the summer of 2020, Plaintiff Michael Stoch, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

2.    The Chicago Police Department ("CPD") and other City agencies responded to these demonstrations with brutal, violent, and unconstitutional tactics that were clearly intended to injure, silence, and intimidate Plaintiff Stoch and other protesters.

3.     As explained in more detail below, Plaintiff was assaulted and falsely arrested by CPD Officers while posing no threat to anyone, interfering with Plaintiff's constitutional rights.

4.     CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of his constitutional rights as well as physical, emotional, and mental injuries.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7.     Plaintiff Michael Stoch is a veteran of the United States Army and received an honorable discharge. At the time of the incidents giving rise to this complaint, he was 30 years old and was a student enrolled at DePaul University, studying International Studies. He was also employed full time at the University of Chicago as a Procurement Category Manager. Plaintiff Stoch is a white resident of Chicago, Illinois.

8.     Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is

authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

9.     Defendant Officers Sanchez, Francis, Chief Tirado, Detective Insley, and Defendant Officers John Does, are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with the CPD. They are sued in their individual capacity for violating Plaintiff's rights under the U.S. Constitution and Illinois state law.

## FACTUAL ALLEGATIONS

10.     On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

11.     On August 15, 2020, Plaintiff Stoch attended a demonstration downtown led by Black youth calling for defunding CPD, removing CPD from

Chicago Public Schools, and abolishing U.S. Immigration and Customs Enforcement ("ICE").

12.     Plaintiff attended the protest to voice his opposition to systemic injustice and racism against Black youth. He also carried a backpack full of water, snacks, and basic medical supplies to provide assistance to any protesters who may be in need. He had a red cross medic logo affixed to his backpack and wore a bright yellow vest to indicate that he was available to provide basic first aid and/or assistance to anyone who needed it.

13.     As the demonstration proceeded on Randolph Avenue, Chicago police officers charged toward protesters, knocking individuals to the ground and striking them with batons and bicycles.

14.     Plaintiff Stoch attempted to assist an individual who had fallen to the ground. A Defendant Officer John Doe forcefully charged toward Plaintiff Stoch and without cause or justification, forcefully struck Plaintiff Stoch with his riot shield, knocking Plaintiff to the ground. As Plaintiff Stoch attempted to stand up and regain his balance, Defendant Officer Francis, without cause or justification, struck Plaintiff Stoch with his riot shield. Defendant Officer Francis and Defendant Officers John Does used force to knock Plaintiff Stoch to the ground.

15.     Shortly after 7:00 p.m., the demonstration proceeded to South LaSalle Avenue. Chicago police officers indiscriminately attacked members of the crowd, pushing and striking individuals with police bicycles and batons. Chicago police officers also seized bicycles from protesters without cause or justification and

attempted to "kettle" the crowd, confining members of the group without lawful cause, justification, warning, or opportunity to disperse.

16.     Plaintiff Stoch observed an individual on the ground who appeared to be injured, or otherwise in need of medical assistance. Plaintiff Stoch was not able to make contact with this individual, as police officers and other members of the crowd separated Plaintiff Stoch from this person in need.

17.     Plaintiff Stoch sought the assistance of someone who would be better positioned to render aid. He approached a member of the Chicago Fire Department ("CFD") who was in a command position and wearing a white shirt, to direct him to this individual in need.

18.     After pointing this commanding CFD officer to the individual in need, Plaintiff Stoch began walking south down LaSalle Street, in the direction of the rest of the crowd. As he walked past Chicago police officers, Plaintiff Stoch raised his hands above his head to indicate that he was not a threat.

19.     Without cause of justification, Defendant Officer Sanchez and Defendant Officers John Does grabbed hold of Plaintiff Stoch, physically restrained him, and placed him under arrest.

20.     Plaintiff Stoch complied and placed his hands behind his back, in order to be placed in handcuffs.

21.     Defendant Chief Tirado assisted in the arrest of Plaintiff Stoch. He also directed that Plaintiff Stoch's backpack, full of medical supplies, water, and snacks, be seized and inventoried as "evidence."

22.     One of the officers told Plaintiff Stoch something to the effect of "You don't get to decide when you leave and when you don't" and another called Plaintiff Stoch an "asshole" as he was being led away.

23.     At no point did Plaintiff Stoch physically attack, assault, threaten, or resist any of the officers.

24.     Defendant Officer Sanchez, Defendant Chief Tirado, and Defendant Detective Insley pursued felony charges against Plaintiff Stoch, based on false allegations that Plaintiff Stoch refused to disperse, stiffened his weight, and refused to put his hands behind his back. Defendants further made the false allegation that water bottles in Plaintiff Stoch's bag were frozen and that the water bottles were intended to be used as projectiles.

25.     An Assistant State's Attorney with the Cook County State's Attorney's Office's Felony Review unit declined to pursue felony charges.

26.     The following day on August 16, 2020, Plaintiff was released from custody and falsely charged with a misdemeanor count of "Mob Action." On the arrest report for this false charge, Defendant Officer Sanchez and Defendant Chief Tirado were listed as the "Arresting Officers." Defendant Detective Insley was listed as the "Attesting Officer."

27.     The documents supporting the criminal charge against Plaintiff Stoch still contained the false allegations against Plaintiff Stoch.

28.     On September 15, 2020, Plaintiff Stoch first appeared in Cook County Court to face the false charge of "Mob Action."

29.     Plaintiff Stoch was required to appear for court on several occasions, as the criminal charges proceeded against him.

30.     The criminal matter against Plaintiff Stoch was set for trial on July 5, 2021 and Plaintiff Stoch answered "ready" for trial.

31.     The Assistant State's Attorney prosecuting the case informed the court that the state was not ready to proceed with trial, as Defendant Chief Tirado was an "essential witness" and he was not present.

32.     The matter was reset for trial on October 5, 2021. At that time, the Cook County State's Attorney dismissed the charges against Plaintiff Stoch and the case was terminated in his favor.

33.     Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

34.     As a direct and proximate result of the Defendant Officers' actions as detailed above, Plaintiff suffered and continues to suffer, *inter alia*, bodily injuries, as well as pain and suffering, mental distress, anguish, and fear.

### COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

35.     Each paragraph of this Complaint is incorporated as if restated fully herein.

36.     Count I is alleged against Defendant Officer Francis and Defendant Officers John Does.

37.     The actions of Defendant Officer Francis and Defendant Officers John Does described above constituted unreasonable and excessive force, without legal

cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

38.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

39.     The actions of Defendant Officer Francis and Defendant Officers John Does were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT II – 42 U.S.C. § 1983
### Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force

40.     Each paragraph of this Complaint is incorporated as if restated fully herein.

41.     Count II is alleged against Defendant Officer Francis and Defendant Officers John Does.

42.     As described in detail above, Plaintiff participated in lawful, constitutionally protected activity on the public streets of the City of Chicago.

43.     The actions of Defendant Officer Francis and Defendant Officers John Does described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising these rights and suffered retaliation for having exercised these rights.

8

44.     Defendant Officer Francis and Defendant Officers John Does retaliated against Plaintiff for engaging in protected speech by subjecting Plaintiff to excessive force without legal justification. Plaintiff's protected speech was the substantial and motivating factor for Defendants' use of force. Defendants' actions were intended to make Plaintiff and other people engaging in constitutionally-protected speech at the protests wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

45.     At all relevant times, Defendant Officer Francis and Defendant Officer John Does were aware that Plaintiff was engaged in constitutionally-protected speech when they violated Plaintiff's rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

46.     The actions of Defendant Officer Francis and Defendant Officers John Does were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT III – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Unlawful Search
### and Seizure of Property

47.     Each paragraph of this Complaint is incorporated as if restated fully herein.

48.     Count III is alleged against Defendant Officer Sanchez, Defendant Chief Tirado, and Defendant Officer John Does.

49. The actions of the Defendants in falsely detaining Plaintiff and seizing Plaintiff's property without reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

50. The actions of the Defendants were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, deprivation of property, damage to personal property, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of liberty, as set forth more fully above.

## COUNT IV – 42 U.S.C. § 1983
### Violation of Fourth Amendment – False Arrest

51. Each paragraph of this Complaint is incorporated as if restated fully herein.

52. Count IV is alleged against Defendant Officer Sanchez and Defendant Chief Tirado.

53. The actions by the Defendant Officers in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

54. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

55. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain,

suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT V – 42 U.S.C. § 1983
### Conspiracy to Deprive Plaintiff of Constitutional Rights

56.     Each paragraph of this Complaint is incorporated as if restated fully herein.

57.     Count V is alleged against Defendant Officer Sanchez, Defendant Chief Tirado, and Defendant Detective Insley.

58.     Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

59.     Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully detain, arrest and prosecute Plaintiff, knowing they lacked reasonable suspicions or probable cause to do so, and for the purpose of violating Plaintiff's First, Fourth, and Fourteenth Amendment rights.

60.     In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiff's rights. They accomplished this goal by unlawfully arresting Plaintiff.

61.     Each individual Defendant Officer is therefore liable for the violation of Plaintiff's rights by any other individual Defendant Officer.

62.     As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress,

anguish, humiliation, loss of personal freedom, deprivation of and damage to property, and legal expenses, as set forth more fully above.

## COUNT VI – State Law Claim
### Malicious Prosecution

63.     Each paragraph of this Complaint is incorporated as if restated fully herein.

64.     Count VI is alleged against Defendant Officer Sanchez, Defendant Chief Tirado, and Defendant Detective Insley.

65.     Defendants, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

66.     The prosecution of Plaintiff terminated in Plaintiff's favor and in a manner that is indicative of innocence.

67.     The Defendant Officers' actions were committed in a willful and wanton manner.

68.     The Defendants' actions directly and proximately caused injury and damage as set forth above.

## COUNT VII – State Law Claim
### Respondeat Superior

69.     Each paragraph of this Complaint is incorporated as if restated fully herein.

70.     Count VII is alleged against Defendant City of Chicago.

71.     In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

72.     Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

**COUNT VIII – State Law Claim**
**Indemnification**

73.     Each paragraph of this Complaint is incorporated as if restated fully herein.

74.     Count VIII is alleged against Defendant City of Chicago.

75.     In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities

76.     The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.


**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor against the Defendants in the following manner:

1.     Award Plaintiff compensatory and punitive damages.

2.     Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3.     Award Plaintiff such other and further relief as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: August 11, 2022                    Respectfully submitted,

/s/ Brad J. Thomson
Brad J. Thomson

Joey L. Mogul, Janine Hoft, Ben Elson
Jan Susler, Brad J. Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
joeymogul@peopleslawoffice.com
janinehoft@peopleslawoffice.com
ben@peopleslawoffice.com
brad@peopleslawoffice.com
jsusler@peopleslawoffice.com

/s/ Vanessa del Valle
Vanessa del Valle

Vanessa del Valle
Roderick and Solange MacArthur
Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 606611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu

/s/ Sheila A. Bedi

Sheila A. Bedi

Sheila A. Bedi
Kara Crutcher
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu
kara.crutcher@law.northwestern.edu