UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STOCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-4231 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS D. SANCHEZ, #18112, JAMES FRANCIS, #19345, CHIEF JOSE TIRADO, #243, DETECTIVE SEAN INSLEY, #21369, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I. **Nature of the Case**

　　A. Attorneys for the parties:

　　**For Plaintiff**:

　　Brad J. Thomson (lead trial attorney)
　　Ben H. Elson
　　Janine L. Hoft
　　Janis M. Susler
　　Joey L. Mogul
　　People's Law Office

    1180 N. Milwaukee Ave.
    Chicago, IL 60642

    Vanessa del Valle
    Roderick and Solange MacArthur Justice Center
    Northwestern Pritzker School of Law
    375 East Chicago Avenue
    Chicago, IL 606611-3609
    312-503-5932

    **For Defendants:**

    Timothy P. Scahill
    Steven B. Borkan
    Whitney N. Hutchinson (lead trial attorney)
    Christiane E. Murray
    Maurice Rice II
    Borkan & Scahill, Ltd.
    20 South Clark Street, Suite 1700
    Chicago, Illinois 60603
    (312) 580-1030

B.    Federal jurisdiction is properly invoked pursuant to the Civil Rights Act, 42 § 1983, 28 U.S.C. § § 1331, and 1343. Diversity of citizenship is not at issue in this case. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

C.    On August 15, 2022, Plaintiff Michael Stoch attended a demonstration in downtown Chicago in support of the Black Lives Matter movement. On that date, Chicago Police Officers used force against Plaintiff and placed him under arrest. He was charged with a misdemeanor count of "mob action" which was eventually dismissed. Plaintiff maintains that the force used against him, his arrest and his prosecution were unlawful.

D.    Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for Excessive Force, Violation of the First Amendment, Unlawful Search and Seizure of Property, False Arrest, and Conspiracy to Deprive Plaintiff of Constitutional Rights. Additionally, Plaintiff has brought state law claims for malicious prosecution, *respondeat superior*, and indemnification pursuant to 735 ILCS 10/9-102. Defendants have asserted various affirmative defenses including qualified and absolute

      immunity. Defendants also filed a motion to dismiss the John Doe Defendants asserting the affirmative defense of statute of limitations. Dkt. 21.

E.     The principal factual issues in this case will regard the specific roles Defendant Officers played in the arrest and prosecution of Plaintiff and what force was used by Defendant Officers against Plaintiff. The identities of the John Doe Defendants may also be a factual issue.

F.     The principal legal issues in the case will be whether any force used against Plaintiff violated the Fourth Amendment; whether any search and seizure of Plaintiff's property violated the Fourth Amendment; whether Chicago Police Officers arrested Plaintiff without probable cause; whether Chicago Police Officers committed malicious prosecution through the prosecution of Plaintiff; and whether Plaintiff's First Amendment rights were violated.

G.     Plaintiff is seeking compensatory and punitive damages for the violation of his Constitutional rights, damage to personal property, bodily injury, pain, suffering, loss of liberty resulting from his false arrest, malicious prosecution, and the use of force used against him; attorneys' fees, costs, and expenses.

H.     All defendants have been served.

## II.   Discovery

| Event | Deadline |
| --- | --- |
| Amendment to Pleadings | Plaintiff does not anticipate amending pleadings, but should any defendants be identified through the course of discovery, Plaintiff may seek leave to amend |

| | |
|---|---|
| Service of process on any "John Does" | Should any defendants be identified through the course of discovery, Plaintiff make seek leave to amend. Defendants have moved to dismiss any John Doe Defendants. Dkt. 21. |
| Completion of Fact Discovery | April 25, 2023 |
| Disclosure of Plaintiff's Expert Report(s) | May 25, 2023 |
| Deposition of Plaintiff's Expert | June 25, 2023 |
| Disclosure of Defendant's Expert Report(s) | July 25, 2023 |
| Deposition of Defendant's Expert | August 25, 2023 |
| Dispositive Motions | September 25, 2023 |

  B. The parties expect to take between ten and fifteen depositions.

  C. The parties anticipate the discovery to include extensive Body Worn Camera (BWC) footage.

  D. The parties propose Rule 26(a) disclosures be made by all parties on November 8, 2022 and the parties issue written discovery by November 29, 2022.

**III. Trial**

  A. Plaintiff has demanded a jury trial.

  B. The parties estimate that trial would be three or four days.

4

IV. **Settlement, Referrals, and Consent**

    A.    There have not been any settlement negotiations to date.

    B.    The parties do not request a settlement conference at this time.

    C.    The parties do not consent.

V. **Other**

    A.    There is nothing else Plaintiff wants the Court to know.

    B.    There is nothing else Defendants want the Court to know.

/s/ Brad J. Thomson
Brad J. Thomson
Ben H. Elson
Janine L. Hoft
Janis M. Susler
Joey L. Mogul
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773)235-0070
brad@peopleslawoffice.com

/s/ Christiane E. Murray
Timothy P. Scahill
Steven B. Borkan
Whitney N. Hutchinson
Christiane E. Murray
Maurice Rice II
Special Assistants Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030

*Attorneys for Defendants*