UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL STOCH, | ) |
| | ) |
| Plaintiff, | ) Case No. 22-cv-4231 |
| | ) |
| v. | ) Hon. Steven C. Seeger |
| | ) |
| CITY OF CHICAGO, CHICAGO | ) |
| POLICE OFFICERS D. SANCHEZ, | ) |
| #18112, JAMES FRANCIS, #19345, | ) |
| CHIEF JOSE TIRADO, #243, | ) |
| DETECTIVE SEAN INSLEY, #21369, | ) |
| and JOHN DOES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS JOHN DOE DEFENDANTS**

Plaintiff Michael Stoch, by and through his undersigned attorneys, hereby responds to Defendants' Motion to Dismiss John Doe Defendants.

## BACKGROUND

On August 15, 2020, Plaintiff Michael Stoch attended a demonstration in downtown Chicago in support of the movement against police violence and anti-Black racism. Dkt. 1 ¶¶ 10, 11. While assisting another protester who was knocked to the ground, police officers from the Chicago Police Department (CPD) charged at Plaintiff, struck him with riot shields and knocked him to the ground. Dkt. 1 ¶ 14. The officers who struck Plaintiff include Defendant Francis and an unidentified officer who has been identified as Defendant John Doe. *Id.* The protest proceeded and while the crowd was on LaSalle Street, Defendant Officer Sanchez and Defendant Officers John Does

1

grabbed hold of Plaintiff and placed him under arrest. Dkt. 1 ¶ 18. Plaintiff was charged with a misdemeanor count of "Mob Action." Dkt. 1 ¶ 26. In the arrest report of Plaintiff, Defendants Sanchez and Tirado were listed as "Arresting Officers" and Defendant Insley was listed as the "Attesting Officer." The misdemeanor case against Plaintiff was terminated in his favor on October 5, 2021. *Id.*

On August 11, 2022, Plaintiff brought this lawsuit against Defendants Sanchez, Tirado, Francis, Insley, and John Does, alleging Excessive Force (Count I), First Amendment Retaliation (Count II), Unlawful Search and Seizure (Count III), False Arrest (Count IV), Conspiracy to Deprive Plaintiff of his Constitutional Rights (Count V), and state law claims for Malicious Prosecution (Count VI), *respondeat superior* (Count VII), and Indemnification (Count VIII). Dkt. 1 ¶¶ 35-76. Plaintiff specifically names John Does as Defendants in Counts I-III of his Complaint.

On September 23, 2022, Individual Defendants Sanchez, Francis, Tirado and Insley and Defendant City of Chicago brought a Partial Motion to Dismiss pursuant to Rule 12(b)(6), seeking dismissal of the John Doe defendants, arguing that Plaintiff's claims against these defendants fall outside the statute of limitations. Dkt. 21. As explained below, Defendants' motion should be denied as premature since the possibility exists that Plaintiff will be able to identify the John Doe defendants through discovery, and, at that time, move to amend the complaint based on equitable tolling or equitable estoppel.

## RULE 12(b)(6) STANDARD

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits." *Chatman v. City of Chicago*, 2015 WL 1090965, at *4 (N.D.

Ill. Mar. 10, 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's allegations must "give the defendant fair notice of what the claim is and the grounds upon which it rests, and . . . show that it is plausible, rather than merely speculative, that he is entitled to relief." *Driscoll v. Juris Kins & Davis McGrath, L.L.C.*, 2017 WL 4122715, at *3 (N.D. Ill. Sept. 18, 2017) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). To determine whether Plaintiff has met this standard, the Court must construe the complaint "in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). The Court also must "view the complaint as whole" rather than parsing isolated fragments. *Olson v. Champaign Cty.*, 784 F.3d 1093, 1101-02 (7th Cir. 2015); *Domanus v. Lewicki*, 779 F. Supp. 2d 739, 745 (N.D. Ill. 2011).

## ARGUMENT

### I. Dismissal of the John Doe Defendants is Premature Since Plaintiff May Still Be Able to Discover Their Identities and Move to Amend the Complaint

If Plaintiff is able to identify the John Doe Defendants through the course of discovery, and depending on what discovery reveals, he may choose to amend his complaint to substitute those defendants for the John Does based on theories of

3

equitable tolling or equitable estoppel. "The doctrine of equitable tolling 'permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing.' Application of the doctrine is appropriate, for example, when a plaintiff has 'been injured and known he was injured, at which point the statute of limitations began to run, yet have been unable despite all reasonable diligence to learn . . . the wrongdoer's identity.'" *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 561-62 (7th Cir. 1996) (quoting *Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago,* 9 F.3d 1236 (7th Cir. 1993)). "Equitable estoppel, in contrast, prevents a Defendant from raising a statute of limitations defense if he took 'active steps to prevent the plaintiff from suing in time,' such as concealing evidence or a tortfeasor's identity from the plaintiff." *Lacy v. Village of Maywood*, 2022 U.S. Dist. LEXIS 159685, at *16 (N.D. Ill. Sep. 2, 2022) (quoting *Singletary*, 9 F.3d at 1241).

In *Lacy v. Vill. Of Maywood*, the plaintiff brought a § 1983 lawsuit against three Maywood Police Department officers for allegedly violating his rights while he was in police custody. *Lacy*, at *1. The plaintiff identified two by name and one who he identified as "John Doe." *Id.* He also brought a state law claim for fraudulent concealment against John Doe. *Id.* The defendants sought to dismiss "John Doe" from the complaint entirely, arguing that the claims were outside the statute of limitations. *Id.* at *8. The facts showed that the plaintiff had not identified the John Doe prior to the statute of limitations because the plaintiff had spoken with John Doe and requested the identities of all the officers whom the plaintiff had encountered. *Id.* at

4

*5. John Doe had provided a handwritten list of the officers involved but omitted his own identity. *Id*. The court denied the defendants' motion, finding that the doctrine of equitable estoppel may apply to toll the statute of limitations, as John Doe had taken steps to conceal his identity. *Id.* at *17. The court also found that based on the facts, equitable tolling may apply, as a "hypothetical reasonable person" may find that the plaintiff exercised due diligence. *Id.* at *17 n.6. The plaintiff was able to obtain the identity of John Doe and sought leave to amend to substitute the newly identified defendant for John Doe after the statute of limitations had run, which was granted. *Id.* at *18.

Here, Plaintiff's counsel conducted investigation prior to the filing of Plaintiff's complaint to identify the John Does. Undersigned counsel represented Plaintiff in the underlying criminal matter and requested and reviewed voluminous discovery, issued subpoenas, and made requests to the CPD pursuant to FOIA. Plaintiff's counsel also represents scores of plaintiffs in similar lawsuits from the protests during the summer of 2020. *See Wilger, et al. v. City of Chicago, et al.*, No. 20-cv-6851 (N.D. Ill.), *Ball v. City of Chicago*, No. 21-cv-4840 (N.D. Ill.), *Nuckolls v. City of Chicago*, No. 21-cv-4060 (N.D. Ill.) . Plaintiff's counsel has sought and obtained discovery in those matters and is intimately familiar with what documentation was maintained, and not maintained, in relation to the events that are the basis of this lawsuit, and asserts that there is a distinct possibility that the John Does in question concealed their identity by refusing to complete the required paperwork that would have identified them. Additionally, there is evidence that CPD officers took active steps to conceal their identities during protests that summer by removing or covering up their name tags and badge numbers,

5

and it is possible that one or more of the John Does in this case took such steps to conceal their identity. *See* Report on Chicago's Response to George Floyd Protests and Unrest, CITY OF CHICAGO OFFICE OF INSPECTOR GENERAL, 15 (February 18, 2021), igchicago.org/wp-content/uploads/2021/02/OIG-Report-on-Chicagos-Response-to-George-Floyd-Protests-and-Unrest.pdf at 10. If Plaintiff is able to discover the identities of the John Does during the course of discovery he may be able to move to amend the complaint based on equitable tolling and/or equitable estoppel.

However, such an analysis is premature here because Plaintiff has not yet moved to amend the complaint to add new defendants. The identities of the John Does may or may not be revealed through the course of discovery. If Plaintiff is able to identify them, he may choose to seek leave to amend and substitute the newly identified defendants at that time. At that point, the Court would have the "most basic information necessary" to determine whether tolling should be granted, such as the identity of new defendants, how Plaintiff identified them, whether the defendants' conduct caused delay and whether the new defendants will actually assert the statute of limitations as an affirmative defense. *Clark v. Powe*, 2009 U.S. Dist. LEXIS 34068, at *4-6 (N.D. Ill. Apr. 21, 2009). This is a fact-specific analysis and the facts are speculative at this point in time. *See Powers v. Indiana Department of Education, Division of Special Education*, 61 F.3d 552, 560 (7th Cir. 1995) ("Application of the doctrine of equitable tolling is fact specific."). On the other hand, if Plaintiff is unable to identify the John Doe Defendants by the end of discovery, he concedes that dismissal of the John Does would be appropriate at that point.

## II. Defendants Suffer No Prejudice by the Inclusion of the John Doe Defendants in the Caption

Defendants fail to explain how they have standing to make a motion to dismiss on behalf of the John Does or that they suffer any prejudice by the John Doe defendants being included as defendants. It is questionable whether the named Defendants have standing to assert the affirmative defense of the statute of limitations on behalf of unidentified defendants. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 560 n.9 (7th Cir. 1996) ("The statute of limitations is, after all, an affirmative defense, which may be waived. It may have been inappropriate to allow the Sheriff's Department to argue the statute of limitations defense on behalf of the individual defendants. As a general proposition, it is more logical to look to [the new defendant] than to [the dismissed defendant] to decide whether to plead the defense of limitations and whether to challenge the propriety of relation back."). Even if it were appropriate for Defendants to make such a motion, they make no argument that they suffer any prejudice from John Does being listed in the caption. Nor do they make any argument that the inclusion of John Does has any impact on the claims against the named Defendants. Essentially, it is simply Defendants' preference that the John Does be excluded, but it is Plaintiff's prerogative to determine how his Complaint should be drafted. *See Cambridge Group Technologies, Ltd. v. Motorola, Inc.*, 2013 U.S. Dist. LEXIS 30161, at *13 (N.D. Ill. Mar. 5, 2013) ("The foundation of the well-pleaded complaint rule is that the plaintiff is the master of his complaint.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the John Doe Defendants should be denied.

Dated: November 1, 2022

/s/ Brad J. Thomson
Brad J. Thomson
Ben H. Elson
Janine L. Hoft
Janis M. Susler
Joey L. Mogul
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773)235-0070
brad@peopleslawoffice.com



Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 606611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu